# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAZELL BROOKS, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 18-732 (CRC) |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

## INTRODUCTION

On March 22, 2019, this Court dismissed plaintiffs' lawsuit against defendant District of Columbia (the District) challenging the administration of a District program for visually-impaired commercial vendors. Plaintiffs later filed a Motion to Alter or Amend Judgment, which this Court denied, and have since appealed their case to the D.C. Circuit. That appeal remains pending. Nevertheless, plaintiffs have now filed a Rule 60(b)(3) motion before this Court raising essentially the same arguments this Court has already rejected. While this Court lacks jurisdiction to grant plaintiffs' motion, it can—and should—reject the motion on the merits for failing to meet the high evidentiary burden required for Rule 60 motions.

## BACKGROUND

Plaintiffs are three blind or visually-impaired participants in the District's Randolph-Sheppard Vending Facilities Program (RSVFP or Program). They filed suit on April 4, 2018, challenging certain aspects of how the Program is administered. *See*

Compl. [1]. The complaint outlined several claims purportedly arising under the Americans with Disabilities Act (ADA), Rehabilitation Act, District of Columbia Human Rights Act (DCHRA), and local common law. *See id.* After plaintiffs twice amended their pleadings, the District moved to dismiss, arguing, among other things, that plaintiffs failed to exhaust the administrative remedies available to them, including the opportunity for an evidentiary hearing at the Office of Administrative Hearings (OAH). Defs.' Mot. to Dismiss [19] at 18-20.[1] Plaintiffs responded that they had no duty to exhaust, *see* Pls.' Opp'n to Mot. to Dismiss [21] at 12-22, and eventually argued in two supplemental briefs that the District's administrative exhaustion argument must be rejected because OAH has no jurisdiction to adjudicate RSVFP grievances, *see* Pls.' Praecipe Re. Mot. to Dismiss [28] at 1-2; Pls.' Second Praecipe Re. Mot. to Dismiss [30] at 1-5.

On March 22, 2019, this Court granted the District's motion to dismiss plaintiffs' Second Amended Complaint. According to the Court, although plaintiffs' claims were "fram[ed] … under various anti-discrimination statutes, the substance of their complaints concern[ed] the District's administration of the [RSVFP]," and plaintiffs were "required to litigate [such] claims through local administrative processes before filing suit in federal court[.]" Mar. 22, 2019 Mem. Op. at 1. In reaching this conclusion, the Court specifically rejected plaintiffs' argument that OAH lacked jurisdiction to hear RSVFP-related cases. *See id.* at 12.

---

[1] All page numbers referenced in electronically filed documents refer to the page numbers assigned by the ECF electronic docket.

Following dismissal of their claims, plaintiffs moved under Rule 59(e) to alter or amend this Court's March 22, 2019 judgment. Pls.' Mot. to Alter or Amend J. [34]. Among other things, plaintiffs argued that OAH did not follow the proper procedures in 2007 to establish jurisdiction over RSVFP grievances, and the Court's holding regarding OAH jurisdiction was thus incorrect as a matter of law. *Id.* at 6-11. The Court denied that motion, disposing of plaintiffs' renewed jurisdictional challenge as an improper attempt to "relitigate old matters." May 9, 2019 Order [37] at 2 (quoting *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018)). Plaintiffs appealed to the D.C. Circuit on June 7, 2019. *See* Notice of Appeal [38].[2]  That appeal is currently pending as USCA Case No. 19-7074.

On October 3, 2019, plaintiffs filed a motion in this Court seeking relief from the March 22, 2019 dismissal order under Rule 60(b)(3). Pls.' Mot. for Relief from J. [40]. Plaintiffs allege that since the Court's dismissal order, responses they have received to several Freedom of Information Act (FOIA) requests establish that the OAH Chief Administrative Law Judge (ALJ) never approved OAH's continued jurisdiction over RSVFP cases. *Id.* at 7-11. Plaintiffs contend that the responses they received prove the District committed some combination of fraud, misrepresentation, or misconduct when it cited to an OAH final order (*M. F-G v. D.C. Dep't on Disability Servs., Rehab. Servs. Admin.*, No. DS-P-08-102477, 2009 WL 2491330, at *n.3 (D.C.

---

[2] Although the Notice of Appeal in Civil Action No. 18-0732 was filed on June 7, 2019, it was not docketed in ECF or e-served until July 26, 2019, apparently because of an administrative error.

OAH July 7, 2009)) in briefs to this Court, representing that the OAH Chief ALJ approved a request to continue adjudicating RSVFP cases.

## LEGAL STANDARD

Rule 60(b)(3) allows either party to move the court to vacate a final judgment or order on the basis of "fraud ... , misrepresentation or misconduct by an opposing party." When considering a Rule 60(b)(3) motion, "a court must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). Thus, the moving party must establish both the alleged fraud, misrepresentation or misconduct, and "actual prejudice" resulting from it. *Id.* Prejudice exists only where the conduct in question "*substantially* ... interfered with the aggrieved party's ability fully and fairly to prepare for and proceed to trial." *Almerfedi v. Obama*, 904 F. Supp. 2d 1, 5 (D.D.C. 2012) (*Almerfedi* court's emphasis) (quoting *Anderson v. Cryovac*, 862 F.2d 910, 923 (1st Cir. 1988)). The moving party bears the burden to make these showings by "clear and convincing evidence." *Green v. Am. Fed'n of Labor & Cong. of Indus. Orgs.*, 811 F. Supp. 2d 250, 254 (D.D.C. 2011); *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995).

## ARGUMENT

### I.   The Court Lacks Jurisdiction to Grant Plaintiffs' Rule 60(b) Motion.

Plaintiffs' motion faces a significant initial hurdle: this Court lacks jurisdiction to grant the requested relief while plaintiffs' appeal is pending. Filing an appeal generally divests a trial court of jurisdiction over aspects of the case involved in the

appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Jurisdiction returns to the trial court only after the court of appeals issues its mandate. *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). The purpose of this rule is to ensure the trial and appellate courts do not "assert jurisdiction over a case simultaneously." *Griggs*, 459 U.S. at 58.

A trial court thus has only three options, set forth in Federal Rule of Civil Procedure 62.1, when presented with a motion barred by a pending appeal: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The Court thus cannot grant plaintiffs' Rule 60(b)(3) motion and, as explained below, should deny it outright.

## II. Plaintiffs Have Not Established Fraud, Misrepresentation, or Misconduct, and Merely Seek to Relitigate an Issue this Court Has Already Rejected.

Plaintiffs' Rule 60(b) Motion should be denied on the merits because plaintiffs cannot meet the demanding standard of Rule 60(b)(3)—to show, by clear and convincing evidence, both (1) fraud, misrepresentation, or misconduct; and (2) actual prejudice. According to plaintiffs, the District both "misled the court," Pls.' Mot. for Relief from J. at 10, and "worked a fraud on the court," *id.* at 11, by citing to *M. F-G*, 2009 WL 2491330, at *n.3, and thus taking the position that the OAH Chief ALJ approved a request to continue adjudicating RSVFP cases.[3] As noted, plaintiffs raise

---

[3] For reference, the full quotation from *M. F-G* is as follows:

> The subject matter jurisdiction of OAH extends to "all cases to which [the OAH Establishment Act of 2001] applies." D.C. Official Code § 2-

these allegations after recently receiving responses to FOIA requests related to OAH

jurisdiction over RSVFP matters. *See* Pls.' Mot. for Relief from J. at 7-11.

Plaintiffs' allegations, whether of fraud, misrepresentation, or misconduct, are

wrong and unsupported. Plaintiffs infer from certain documents they received

through their FOIA requests (*e.g.*, an unsigned memorandum of understanding

between OAH and the District's Department on Disability Services (DDS) about

OAH's authority to hear DDS matters, *see id.* at 8), and from certain classes of

documents for which nothing was produced (*e.g.*, any OAH records related to the *M.*

*F-G* adjudication, *see id.* at 10), that the jurisdictional assertion in *M. F-G* must have

been false. But that is not a valid inference. These FOIA responses at most reflect

possible gaps in the District's retention of records—a far cry from establishing fraud,

misrepresentation, or misconduct on the part of the District. *See PETA v. U.S. Dep't*

*of Health & Human Svcs.*, 226 F. Supp. 3d 39, 55-56 (D.D.C. 2017) (no clear and

---

1831.02(a). The cases to which the OAH Act applies are enumerated in § 2-1831.03. That list includes adjudicated cases arising under the jurisdiction of the Department of Human Services ("DHS"). The Developmental Services Management Reform Act of 2006, D.C. Official Code §§ 7-761.01 *et seq.*, established Respondent District of Columbia Department of Disability Services ("DDS") as a new agency of District government. Section § 7-761.08(b), [*sic*] transferred management authority over the [Rehabilitation Services Administration] program from DHS to DDS, effective June 30, 2007. As of September 5, 2007, DDS indicated its intent to have OAH continue conducting hearings regarding the RSA program, and OAH's Chief Administrative Law Judge approved this request pursuant to D.C. Official Code § 2-1831.03(c).

*M. F-G*, 2009 WL 2491330 at *n.3.

convincing evidence of fraud where new evidence challenged but did not directly contradict declarations proffered by defendants).[4]

More to the point, the District's reliance on *M. F-G*—a valid, publicly accessible OAH final order—was not fraud, misrepresentation or misconduct, in any sense. The District at no time misrepresented the contents of the *M. F-G* order, nor did it proffer to the Court anything other than its full, good-faith understanding of OAH's jurisdiction. At bottom, plaintiffs simply disagree with this Court's conclusion that OAH has jurisdiction to hear RSVFP cases. Repackaged legal arguments, however, do not justify relief under Rule 60(b)(3). Where an issue has previously been raised and rejected, a party "cannot re-litigate the merits of that issue by claiming [the opposing party] committed 'fraud' by arguing their case." *PETA*, 226 F. Supp. 3d at 56; *see also Bennett v. United States*, 530 F. Supp. 2d 340, 342-43 (D.D.C. 2008) (rejecting plaintiff's Rule 60(b)(3) argument that defendant "'misrepresented' [the] Court's subject matter jurisdiction" on grounds that such contentions "merely repeat legal arguments already made … and rejected by this Court"); *Am. Cetacean Soc'y v. Smart*, 673 F. Supp. 1102, 1105 (D.D.C. 1987) ("A motion for relief from judgment on the ground of misrepresentation will be denied if it is merely an attempt to relitigate the case."); *Welzel v. United States*, Civil Action No. 06-838 (RBW), 2008 WL 3972043, at *2 (D.D.C. Aug. 27, 2008) (rejecting Rule 60(b)(3) claim where party

---

[4] The letters OAH sent with its FOIA productions also suggest that other relevant records may exist and could be identified through more narrowly tailored requests. *See* Ex. 3 to Pls.' Mot. for Relief from J. [40-3] at 3; Ex. 5 to Pls.' Mot. for Relief from J. [40-5] at 2. In other words, other relevant documents might exist that plaintiffs simply have not obtained.

asserted fraud "based solely on the allegedly erroneous legal arguments for dismissal articulated by the defendant in its motion to dismiss").

Plaintiffs have argued repeatedly throughout this litigation that OAH lacks jurisdiction to hear RSVFP grievances. See Pls.' Praecipe Re. Mot. to Dismiss at 1-2; Pls.' Mot. to Amend J. at 6; Pls.' Mot. for Relief from J. at 2-5. That, however, is a legal argument—one that this Court has both rejected and declined to reconsider post-dismissal. *See* Mem. Op. Re. Mot. to Dismiss [31] at 12-13; Order Denying Mot. to Am. J. [37] at 1-2. Plaintiffs cannot now get a third bite at the apple simply by couching the same argument in different terms. Their inferential argument falls well short of clear and convincing evidence that the District engaged in any fraud, misrepresentation, or misconduct.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' Motion for Relief from Judgment.

Dated:  October 24, 2019.                    Respectfully submitted,

                                             KARL A. RACINE
                                             Attorney General for the District of Columbia

                                             TONI MICHELLE JACKSON
                                             Deputy Attorney General
                                             Public Interest Division

                                             */s/ Fernando Amarillas*
                                             FERNANDO AMARILLAS [974858]
                                             Chief, Equity Section

                                             */s/ Micah Bluming*
                                             MICAH BLUMING [1618961]
                                             MATTHEW R. BLECHER [1012957]

Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-7272
Email: micah.bluming@dc.gov

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAZELL BROOKS, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 18-732 (CRC) |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## <u>ORDER</u>

Upon consideration of Plaintiffs' Motion for Relief from Judgment (Motion), defendant's opposition, and the entire record, it is:

**ORDERED** that the Motion is **DENIED**.

Dated: _____

_____
THE HONORABLE CHRISTOPHER R. COOPER
Judge, United States District Court
for the District of Columbia